UNITED STATES DISTRICT COURTS,
WESTERN DISTRICT OF NEW YORK
_____

ANTONIO AVISADO and INGRID AVISADO,
his wife,

                            Plaintiffs,       **DOCUMENT REQUEST**
                                                            Civil Doc. No.:  11-CV-6600 T

vs.

SPORTSPOWER, LIMITED, BJ'S WHOLESALE
CLUB, INC., SPIRE GROUP, INC., TRIFECTA
MANUFACTURING, LIMITED and HENRY G. CHOW

                            Defendants.
_____

PLEASE TAKE NOTICE, Plaintiffs, ANTONIO AVISADO and INGRID AVISADO, by their attorneys, Parisi & Bellavia Law Firm, hereby request the Defendant, BJ'S WHOLESALE CLUB, INC., permit discovery, inspection and copying by the Plaintiff, his attorney or another acting on their behalf of the following documents described herein at the Parisi & Bellavia Law Firm, 16 West Main Street, Suite 141, Rochester, New York 14614 on April 30, 2012 at 9:00 am and on each business day thereafter between 10:00 am and 5:00 pm until said discovery and inspection shall be completed.

This request is to be deemed continuing so as to require supplemental production if Defendant, BJ'S WHOLESALE CLUB, INC., obtains or discovers further documents responsive to this request after production has been made.  As to any document which is not in your possession or subject to your control, but which you know to exist, you are requested to identify each such document and to indicate its present or last known location and custodian.

1

## **INSTRUCTIONS**

1. You are requested to furnish all documents responsive to this request which are in your possession, custody and control, including documents which have been provided to your attorneys and to your and/or their consultants and/or experts.

2. As to any document which is not in your possession, custody or control, but which you know to exist, you are requested to identify each such document and to indicate its present or last known location and custodian, and to state when and why it was destroyed.

3. As to any document which is not in your possession, custody or control because it has been destroyed, you are requested to identify each such document, to indicate its last known location and custodian, and to state when and why it was destroyed.

4. As to documents produced which are within your possession, you are requested to designate when you first became aware of the document and when you first gained possession of the document.

5. With respect to each document withheld on grounds of privilege, provide a schedule containing the following information:

    a. Document type;
    b. Date of the document;
    c. Identification of all persons involved in writing or preparing the document;
    d. Identification of all persons who received or otherwise saw the document;
    e. Current location and custodian of the document;
    f. Subject matter of the document; and
    g. Grounds for claiming the document is privileged.

6. This request is deemed to be continuing so as to require supplemental production if you obtain or discover further documents responsive to this request after production has been made.

## DEFINITIONS

1. The term "reflecting", "referring", or "relating" mean directly or indirectly mentioning, discussing or describing, pertaining to or being connected with a stated subject matter.

2. The conjunctives "and" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the discovery request all responses that might otherwise be construed to be outside of its scope.

## DOCUMENT REQUESTS

1. All contracts between and among defendant BJ'S WHOLESALE CLUB, INC. and defendant SPORTSPOWER, LIMITED.

2. All contracts between and among defendant BJ'S WHOLESALE CLUB, INC. and defendant SPIRE GROUP, INC.

3. All contracts between and among defendant BJ'S WHOLESALE CLUB, INC. and defendant TRIFECTA MANUFACTURING LIMITED.

4. All contracts between and among defendant BJ'S WHOLESALE CLUB, INC. and defendant HENRY G. CHOW.

5. All correspondence between and among defendant BJ'S WHOLESALE CLUB, INC. and defendant SPORTSPOWER, LIMITED.

6. All correspondence between and among defendant BJ'S WHOLESALE CLUB, INC. and defendant SPIRE GROUP, INC.

7. All correspondence between and among defendant BJ'S WHOLESALE CLUB, INC. and defendant TRIFECTA MANUFACTURING LIMITED.

8. All correspondence between and among defendant BJ'S WHOLESALE CLUB, INC. and defendant HENRY G. CHOW.

9. All correspondence between and among defendant BJ'S WHOLESALE CLUB, INC. and SPORTSPOWER, LIMITED, SPIRE GROUP, INC., TRIFECTA MANUFACTURING LIMITED, or HENRY G. CHOW referring or relating to:

    a) Problems with trampolines.

    b) Complaints from customers relating to trampolines.

10. All designs drawings of the trampoline as depicted in the attached photo. (Hereafter the trampoline in the photograph will be referred to as the trampoline)

11. All design drawings of the trampoline from 1990-present.

12. All change orders or engineering change orders regarding the trampoline.

13. All documents that discuss or refer to the trampoline and the purpose of such a trampoline.

14. Any and all complaints from customers regarding problems with trampolines.

15. All test performed on the trampoline including but not limited to, any and all failure analysis.

16. All documents relating to the design changes to the trampoline depicted in the photograph.

17. Please produce any and all documents relating to the purpose of the trampoline.

18. All documents referring or relating to failures in the trampoline.

19. Any and all reports or incidents involving fatigue of the Trampoline or its component parts.

20. A copy of the owner's manual for the trampoline.

21. A copy of any and all documents that refer or relate to the maintenance or inspections that should be conducted on a trampoline.

22. All documents, articles or other correspondence between and among defendant and the Society of Engineers that refer or relate to trampolines.

23. All documents indicating the committee members on the Society of Engineers in 1990 to the present.

24. Any and all reports, surveys or other documentation referring or relating to:

    a. Trampoline
    b. Safety mechanisms appropriate to prevent a trampoline against unintended movement, and
    c. All other documents referring or relating to the safety precautions that should be considered in the design, manufacture or operation of a trampoline.

25. All design drawings and renderings of the trampoline which is the subject of this litigation.

26. All examples of items sold to secure a trampoline against movement while in use.

27. All documents relating to methods appropriate to prevent the wheels of the trampoline from movement during use.

28. All documents relating to the proper placement of a trampoline in a backyard.

29. All documents that refer or relate to ASTM certification of the trampoline.

30. All documents that refer or relate to how a consumer is to determine a "level surface" for placement of a trampoline.

31. All documents indicating the steps taken by Defendant to ensure it was built and sold in conformity to ASTM standards.

32. Please produce a replica of the box that the trampoline was sold in.

33. All correspondence with Plaintiff Antonio Avisado.

34. Any and all e-mails to or from Plaintiff Antonio Avisado.

35. Any and all manuals provided to Plaintiff Antonio Avisado.

36. Any and all correspondence from consumers asking for a copy of a trampoline manual that was not included in their box sold with the trampoline.

## B. STANDARDS

1. All trade, industry or governmental standards, regulations and/or recommendations (including foreign rules and regulations) that refer or relate to the following:

   a. Trampoline design;
   b. Design of a trampoline;
   c. A copy of all standards applicable to the trampoline;
   d. A copy of all standards that the trampoline was built in conformity to;
   e. A copy of all certification that indicate the standards that the trampoline was built in conformity to; and all videotapes of testing for conformity with ASTM and Federal Standards.

2. All foreign standards that are applicable to the trampoline referring or including:

   a. Ansi standards;
   b. New Zealand standards;

       c. Australian standards;
       d. German standards;
       e. Dutch standards;
       f. Swedish standards
       g. Italian standards;
       h. French safety regulations; and
       i. Summary of foreign standards.

3. All citations issued by ASTM referring or relating to a trampoline.

4. All citations issued by the Consumer Products Safety Commission referring and/or relating to the trampoline.

5. All testimony of Defendants' employees before governmental agencies referring and/or relating to a trampoline and specifically alleged defects of a trampoline.

6. All standards, rules and regulations Defendant and its employees consulted or reviewed in the design and/or redesign of the trampoline.

7. All documents referring or relating to any and all recalls of the trampoline.

### C. CHANGE ORDERS/ENGINEERING ORDERS

1. All change orders and their prior drafts referring or relating to the trampoline. This request includes but is not limited to change orders that refer or related to the following:

       a. Any change by Defendant to the design of the springs of the trampoline;
       b. Any and all change orders that discuss the wheels of the trampoline;
       c. All memos referring or relating to the purpose of the wheels of the trampoline;
       d. All memos referring or relating to the proper placement of a trampoline;
       e. All engineering lab work orders and test lab documents referring or relating to trampoline safety.

2. All change orders or engineering design changes to the trampoline.

3. All documents relating to Defect Recall Campaigns pertaining to trampolines manufactured by Defendant Sportspower.

4. All owner notifications provided to owners of trampolines.

5. All recalls involving the trampoline that contain the word or involve "corrosion."

6. Please produce a copy of all information regarding the steps a consumer should take in order properly secure a trampoline.

7. Please produce a copy of all documents that contain a "Failed Part Number" pertaining to the trampoline.

8. All service procedures for recall on the trampoline.

9. A copy of all renderings of the wheels of the trampoline.

10. Any and all correspondence referring or relating to the shape of the wheels that should be used on a trampoline.

11. Any and all correspondence with experts or ASTM relating to trampoline wheels.

### D. PATENT/TEST

1. All patents referring or relating to the trampoline and/or components of the trampoline.

2. All patents referring and/or relating to trampolines manufactured and /or designed by Defendant.

3. All blue prints regarding warning labels placed on the trampoline or packaging of the trampoline.

4. All testing performed on the Defendant designed, manufactured, or sold trampoline.

## E. PICTURES/VIDEOTAPES

1. All videotapes referring or relating to trampolines.

2. All videotapes depicting the operation of a trampoline.

3. All videotapes supplied by Defendant to its distributors depicting the operation of a trampoline.

4. Any lists of videotapes available to Defendant distributors and/or customers referring or relating to the operation of a trampoline.

5. All videotapes sent to or produced by television stations to be used as advertising commercials depicting the operation of a trampoline.

6. All videotapes of test performed on the trampoline.

7. All videotapes of individuals operating trampoline. This request includes but is not limited to all videotapes that were taken in the course of previous litigation with alleged injury from the operation of a trampoline (provided copies of any and all plaintiffs and defendants videotapes).

## F. CORRESPONDENCE

1. All internal Defendant correspondence referring or relating to trampolines.

2. A copy of any bibliography and/or library index of books and/or articles retained by Defendant.

3. All news paper articles, magazine articles, industry trade journal articles referring or relating to:

   a. Injuries allegedly caused by the failure of a trampoline;
   b. Safety guidelines regarding the appropriate design of a trampoline; and
   c. Problems or safety concerns about the failure of a trampoline.

## **G. GENERAL/CORPORATE**

1. A copy of all Defendant's meeting minutes that refer or relate to the following:

   a. Accident analysis;
   b. Safety standards appropriate for trampolines;
   c. The adoption of standards appropriate for trampolines,
   d. Injuries, complaints or pending lawsuits where operators allege an injury from a defective trampoline;
   e. The document retention policy of Defendant.

2. Any documents that indicate the geographic location of Defendant's foreign and domestic offices from 1990 to the present.

3. A copy of Defendant's annual reports from 1995 to present.

4. All documents that indicate the name of Defendant's Board of Directors members from 1995 to present.

5. All documents that indicate the names of the trade associations that Defendant and/or its employees belong to from 1995 to present.

6. All literature gathered by Defendant and its employees while in attendance at seminars, lectures or other gatherings where the safety of trampoline was discussed.

7. All annual reports of Defendant that refer or relate to pending litigation.

8. All drafts of the operation manual for the trampoline. This request includes but is not limited to all documents relied upon to produce this manual, all handwritten drafts of the manual or partial drafts of the manual, all internal documents referred to the manual, all documents relied upon or referred to in the drafting of the warnings contained in the manual.

9. All tests conducted on the trampoline.

10. All reports of forensic tests on the trampoline.

11. All correspondence and reports provided to Defendant by Exponent and/or Christine Wood.

10

## H. PRIOR ACTIVITIES

1. Provide copies of all documents listed below that related to lawsuits where plaintiff claims an injury from defectively manufactured, distributed, designed or sold trampoline. In each of these cases, please provide a copy of the following:

   a. Copies of all interrogatories directed to Defendant and any co-defendant and copies of all responses thereto;
   b. Copies of all demands for production of documents directed to Defendant and any other co-defendants and copies of all responses thereto;
   c. Copies of all requests for admissions directed to Defendant and any other co-defendants and copies of all responses thereto;
   d. Copies of all depositions taken of Defendants' employees and former employees in all said cases;
   e. Copies of transcripts of court testimony of Defendants' employees and former employees in any of said cases.

2. All documents reflecting the procedure and/or process to be followed by Defendants' employees for the recording of customer and/or distributor complaints concerning trampolines manufactured and/or designed by Defendant.

3. All documents that were complied as part of a formal accident recording system implemented by Defendant. This request includes but is not limited to any description of accidents and/or complaints of accidents that Defendant has kept since 1995 through present.

4. A copy of all defendants and plaintiff expert reports in settled and/or previously litigated cases where the plaintiffs allege an injury from a trampoline.

## I. WARNINGS

1. A copy of each and every warning placed either on any of the Defendant's trampolines or in literature explaining the operation of the trampoline from the date of the manufacturer of the trampoline to the present.

2. All documents of Defendant and its employees relied upon in its formulation of the warnings for the trampoline.

3. All field testing reports of the trampoline.

4. All sales literature, brochures, advertisements, catalogs or users manuals referring or relating to the trampoline.

5. All documents that Defendant intends to rely upon in its defense of this action not previously identified herein.

6. Produce all design and/or engineering drawings relating to the design of the trampoline.

### J. SALES INFORMATION/INSURANCE CONTRACTS

1. All information indicating the number of trampolines sold by defendant from 1990 to the present.

2. All information indicating the names of the different manufacturers of trampolines sold by defendant.

3. All pricing information relating to trampolines sold by defendant.

4. All Insurance Contracts that are or may be applicable in the case herein.

PLEASE TAKE FURTHER NOTICE, that the matter of making the examination, inspection and copying shall be as hereinbefore indicated with reference to each of the items and that after the completion of the aforesaid matters the produced documents and/or things will be returned.

Dated: Rochester, New York
       March __, 2012

Albert L. Parisi, Esq.
Parisi & Bellavia, LLP
Attorneys for Plaintiff
16 West Main Street
Suite 141
Rochester, New York 14614
(585) 232-8000